UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-912 |
| | § | |
| OSCAR LUIS ARAUJO-PINEDA | § | |

## ORDER

This matter is before the Court on remand from the Fifth Circuit Court of Appeals to determine the timeliness of Defendant/Movant Oscar Luis Araujo-Pineda's ("Movant") notice of appeal. Movant's notice is timely if he placed it in the prison mail on or before February 6, 2015.

Movant's notice of appeal is dated January 31, 2015. D.E. 24, p.1. However, it was not received until February 12, 2015. His notice was accompanied by a letter addressed to the Clerk invoking the mailbox rule and certifying that he placed his notice in the U.S. mail at Federal Correctional Center (FCC) Beaumont, first class postage prepaid, on February 1, 2015. *Id.*, p.3. On the outside of the envelope, "Legal Mail/mailed 02/02/2015" is written in the same handwriting as the motion and letter. *Id.*, p.4. The envelope's postmark is impossible to read. *Id.*

On June 22, 2015, the Court ordered Movant to file a copy of the prison mail log from his facility showing when he delivered his notice of appeal to the prison authorities. D.E. 44. When Movant failed to do so within 30 days, the Court ordered him to show cause as to why he did not comply with the Court's Order. D.E. 46. In response, Movant sent a letter to the Clerk's office stating that he had tried to contact FCC Beaumont to get

1 / 3

a copy of the mail log, but he had received no answer. D.E. 47, p.1. Supporting this claim, Movant provided a copy of the outgoing mail log from the Eden Detention Center, where he is currently housed, showing that he had sent legal mail to FCC Beaumont on June 30, 2015. *Id.*, p.2. Upon inquiry from the Court, Phillip Burke, who supervises the mailroom at FCI Beaumont, submitted his sworn declaration. D.E. 48. According to Mr. Burke, "staff at FCC Beaumont do not maintain logs for outgoing legal mail unless the mail is sent certified." *Id.*, ¶ 7. "General inmate outgoing correspondence is picked up by mail room staff at 6:00 a.m. the next morning after the mail is placed in the mail box. It is then sent to the U.S. Post Office the morning it is picked up, excluding weekends and holidays." *Id.*, ¶ 8.

The Federal Rules of Appellate Procedure provide that when an inmate who is confined in an institution files a notice of appeal, the notice "is timely if it is deposited in the institution's internal mail system on or before the last day for filing." FED. R. APP. P. 4(c). The Rules also require that "[i]f an institution has a system for legal mail, the inmate must use that system to receive the benefit of this rule." *Id.* According to the United States Department of Justice, Program Statement OPI:CPD/CPB No. 5265, dated April 5, 2011, the prison system has eliminated outgoing special legal mail drops as authorized by 28 C.F.R. § 540.10.[1]

The evidence before the Court is that Movant swears that he placed his notice of appeal in the prison mailbox on Sunday, February 1, 2015. The outside of the letter is

---

[1]. This information was found at http://www.bop.gov/inmates/communications.jsp, by clicking the Policy on Correspondence link on that page (last visited Sept. 2, 2015).

dated February 2, 2015, which is when the letter would have been picked up by prison staff and forwarded to the U.S. Post Office under FCC Beaumont policy.

Based upon this evidence, the Court **FINDS** that Movant timely deposited his notice of appeal in the prison mail no later than February 2, 2015.

ORDERED this 9th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE